01

02

03

04

05

06          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
07                 AT SEATTLE

08  UNITED STATES OF AMERICA,          )   CASE NO.  CR04-018 JCC
                                       )
09        Plaintiff,                   )
                                       )
10        v.                           )   SUMMARY REPORT OF U.S.
                                       )   MAGISTRATE JUDGE AS TO
11  EARL LYNN BAGLEY,                  )   ALLEGED VIOLATIONS
                                       )   OF SUPERVISED RELEASE
12        Defendant.                   )
    _____    )
13

14        An evidentiary hearing on supervised release revocation in this case was scheduled before

15  me on April 22, 2010.  The United States was represented by AUSA Brian Werner and the

16  defendant by Walter Palmer.   The proceedings were digitally recorded.

17        Defendant had been sentenced on or about October 29, 2004 by the Honorable John C.

18  Coughenour on charges of Possession of Visual Depictions of Minors Engaging in Sexually

19  Explicit Conduct, and sentenced to 51 months custody, 3 years supervised release. (Dkt.  35.)

20        The conditions of supervised release included the standard conditions plus the

21  requirements that defendant be prohibited from possessing a firearm or destructive device,

22  abstain from alcohol, participate in an alcohol treatment program, submit to search, participate

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

01 in and make reasonable progress in a mental health/sexual offender treatment program with

02 testing, have no unsupervised contact with minor children without permission, submit to

03 polygraph examination, follow any lifestyle restrictions or treatment requirements imposed by

04 his therapist, have no contact with any device which accesses the internet without permission,

05 be prohibited from possession or use of pornographic material of any kind, provide access to

06 financial information, allow inspection of his personal computer, consent to the monitoring of

07 his computer, be prohibited from incurring new credit obligations or lines of credit, be restricted

08 from employment where he has any unsupervised contact with minors, and not possess any

09 identification documents in any but his true identity.

10      On August 21, 2007, defendant's supervised release was modified to require residence

11 in and satisfactory participation in a residential reentry program for up to 120 days. (Dkt. 74.) On

12 December 11, 2007, supervised release was modified to require residence in the reentry program

13 for up to 180 days. (Dkt. 78.) On April 10, 2009, defendant moved for early release from

14 supervision. (Dkt. 80.) The motion was denied.  (Dkt. 84.)

15      In an application dated April 8, 2010 (Dkt. 86, 87), U.S. Probation Officer Steven R.

16 Gregoryk alleged the following violation of the conditions of supervised release:

17      1.      Having direct contact with a minor child under the age of 18, on or before April

18 8, 2010, in violation of the condition which prohibits him from having either direct or indirect

19 contact with a minor without the approval of his probation officer.

20      Defendant was advised in full as to those charges and as to his constitutional rights, and

21 requested an evidentiary hearing before a Magistrate Judge (Dkt. 91).  The hearing was held on

22 April 22, 2010, at which time testimony was taken, exhibits were admitted into evidence, and the

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -2

01  argument of the parties was considered (Dkt. 95).  The matter is now ready for decision.

02  **Findings of Fact and Recommendations**

03      I find that the government has not established by a preponderance of the evidence that

04  defendant has violated the conditions of supervised release as alleged in violation 1.

05      Although defendant is alleged to have violated the condition of supervised release which

06  prohibits him from having "either direct or indirect contact with a minor without the approval of

07  his probation officer", (Dkt. 86 at 1, 87 at 1, ), the condition actually reads as follows "The

08  defendant shall have no <u>unsupervised</u> contact, direct or indirect, with minor children under the

09  age of 18, unless granted permission to do so by defendant's probation officer."(Dkt. 29 at 4, par.

10  7, emphasis added.)

11      Defendant was released to begin his term of supervised release in September 2007, which

12  is currently set to terminate at the end of August 2010.  The incident that gave rise to the filing

13  of the violation report occurred on April 8, 2010.  Prior to this, according to his probation officer,

14  Steven R. Gregoryk, there were no allegations of violation of the conditions of supervised

15  release.  The defendant's computer was searched, as required by his conditions of supervision,

16  and no pornography was found.  He submitted to polygraph exam on three occasions. The

17  polygraph exam did not show evidence of deception  with regard to his contact with minor

18  children.

19      The defendant met a 44 year-old Chinese-born widow named Yang Shen Zhi in February

20  2010.  They are engaged to be married.  Ms. Yang has two sons who live with her, ages 14 and

21  18, who attend Franklin High School in Seattle.  She does not currently work outside the home

22  but has done so in the past.  Ms. Yang testified that she has limited English, and testified with the

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -3

01  assistance of a Cantonese interpreter.  (Dkt. 95.)  Ms. Yang testified that the defendant told her

02  several days after they met that he was on probation for a federal crime involving computers.

03  When asked if the defendant told her that the crime related to children on computers, she testified

04  that she was not sure if he told her anything about the type of pictures, or if she didn't understand

05  him very well.  She testified that she did tell the defendant about her sons but did not recall when

06  this was done and does not remember if she told him the ages of the sons.  She testified that she

07  doesn't understand much English and he may or may not have told her that he was not supposed

08  to have contact with anyone under the age of 18.

09          On April 8, 2010, Ms. Yang stopped with her sons after their Kung Fu lessons to visit the

10  defendant at his residence, a group home in Seattle.  She testified that she did not tell the

11  defendant that she was coming.  She testified that the visit lasted "10 minutes plus 20 minutes"

12  and she was in the room the entire time.

13          The testimony of Steven Gregoryk, defendant's probation officer, was somewhat in

14  contradiction to that of Ms. Yang.  He testified that he met with Ms. Yang after one of the

15  polygraph examinations administered to the defendant, and she seemed to not understand what

16  his current conviction was for, and did not know that he was prohibited from contact with minors.

17  Ms. Yang indicated that she and her sons visited with the defendant for about an hour, although

18  her testimony indicated that it was somewhat less than this. Mr. Gregoryk also included Monique

19  Neal in the interview, another probation officer. They communicated without an interpreter, and

20  he felt that Ms. Yang understood them, although Ms. Yang testified otherwise.  Mr. Gregoryk

21  testified that he did not give the defendant permission at any time to have contact with minors,

22  and would not have done so, because the defendant had been deemed not amenable to sex

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -4

01  offender treatment.  He testified that "supervised contact" as specified in the condition of

02  supervised release meant that the person supervising the contact would first have to be advised

03  about the defendant's conviction and the conditions of supervised release.  Mr. Gregoryk also

04  testified that he confronted the defendant with the information about the contact with the 14 year

05  old son of Ms. Yang, and testified that the defendant minimized the contact, saying that it was

06  for just a few minutes.  The defendant said that he was unaware of the age of the minor, and

07  became aware only when the boy arrived at the apartment with his mother.  Mr. Gregoryk noted

08  that the defendant had previously sent him a letter telling him about his fiancé, but did not

09  mention the children. (Hearing Exhibit 3.)  Two other exhibits were also admitted, consisting of

10  letters to Mr. Gregoryk from the defendant telling him about inadvertent contact with children.

11  (Hearing Exhibits 4 and 5.)

12       Both of Ms. Yang's sons testified.  The 14 year old son testified that he met the defendant

13  for the first time as previously described, when he, his mother and his older brother made an

14  unplanned visit to the defendant's apartment after a Kung Fu class.  The visit lasted about 20

15  minutes and he testified that he did not say how old he was.  He has had no other contact with

16  the defendant.  The 18 year son testified similarly, saying that other persons who also lived in the

17  group house were present.

18       The government argues that the defendant knew he was not allowed to have contact with

19  minor children, that the evidence shows the defendant knew that Ms. Yang's son was a minor,

20  and that he failed to tell Ms. Yang that he was not allowed to have contact with any minors.

21       However, I find that the government has not established by a preponderance of the

22  evidence that the defendant knew that Ms. Yang had a son who was under the age of 18.  There

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -5

01 is no evidence that he knew she planned to stop by his residence on the way home from their

02 Kung Fu classes.  At any rate, the visit was between 20 minutes to an hour in length, and was in

03 the presence of Ms. Yang, and perhaps other persons residing in the group house.  Although the

04 government urges an interpretation of "supervised contact" that would require some training or

05 instruction of the person supervising the visit, this requirement is not set forth in the Judgment

06 (Dkt. 35.)

### Summary

08        Taken as a whole, I do not feel that a preponderance of the evidence shows that defendant

09 violated the conditions of supervised release by having unsupervised contact with a minor on or

10 before April 8, 2010.  I recommend the Court dismiss alleged violation 1.

11        Pending a final determination by the Court, defendant has been detained.

12        DATED this 23rd  day of April, 2010.

13

14                                                          Mary Alice Theiler
                                                            United States Magistrate Judge
15

16

17 cc:      District Judge:            Honorable John C. Coughenour
            AUSA:                      Brian Werner
18          Defendant's attorney:      Walter Palmer
            Probation officer:         Steven R. Gregoryk

19

20

21

22

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -6